UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERE UNGER, a/k/a Gerald Nathan Unger,[1]

                **Plaintiff,**

        v.                                      1:05-CV-9
                                                        (FJS/RFT)

DONALD J. MARTIN, JANE DOE, and
JOHN DOE,

                **Defendants.**
_____

APPEARANCES

**GERE UNGER**
a/k/a Gerald Nathan Unger
Plaintiff *pro se*

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      By Memorandum-Decision and Order dated January 10, 2006, this Court directed Plaintiff to "advise the Court in writing **within thirty (30) days** of the filing date of this Order if he intends to pursue this action and, if so, to provide the Court with evidence establishing that he is currently able to contact Defendant Martin . . . ." *See* Dkt. No. 5 at 5. For the reasons set forth in its January 10, 2006 Order, this Court has serious reservations concerning Plaintiff's ability to pursue this action against Defendant Martin. *See id.* at 3-5. In addition, this Court is reluctant to impose the burden of defending this action upon Defendant Martin unless it clearly appears that

---

[1] Plaintiff's true name is Gerald Nathan Unger. *See United States v. Unger*, 5:03-CR-150, Dkt. No. 37.

Plaintiff is able to prosecute this action.

In its January 10, 2006 Order, the Court also requested that the United States Attorney for the Northern District of New York and/or the Warden at FMC Devens, where Plaintiff is currently incarcerated, advise the Court of any information in their possession relevant to this issue. *See id.* at 5-6. In response to this request, the United States Attorney's Office for the Northern District of New York forwarded a communication from the Federal Bureau of Prisons regarding Plaintiff's ability to communicate with persons outside the prison. *See* Dkt. No. 7. In this regard, the Court notes that Plaintiff is currently on "Restricted Mail" status; and, by virtue of that status, he is not permitted to correspond with Defendant Martin. *See id.*

## II. DISCUSSION

In his response to the Court's January 10, 2006 Order, Plaintiff indicated that he has commenced proceedings in Bankruptcy Court and that, because this civil action is an asset of his bankruptcy estate, it is subject to the automatic stay of the Bankruptcy Code; and, therefore, this Court may not dismiss this matter. *See* Dkt. No. 6. Plaintiff, however, has not provided the Court with the caption of that bankruptcy proceeding nor has he identified the court in which it is pending. The Court needs this information to make a proper determination regarding this action. Accordingly, the Court directs Plaintiff to advise the Court in writing **within thirty (30) days** of the filing date of this Order of the complete caption of any pending bankruptcy proceeding in which he is a party, including the name of the court in which the proceeding is pending and the

name and address of the bankruptcy trustee in any such proceeding.[2]

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff shall advise the Court in writing **within thirty (30) days** of the filing date of this Order of the complete caption of any pending bankruptcy proceeding in which he is a party, including the name of the court in which the proceeding is pending and the name and address of the bankruptcy trustee in any such proceeding; and the Court further

**ORDERS** that the Clerk of the Court shall revise the docket in this case to reflect that Plaintiff's current address at FMC Devens is his address of record; and the Court further

**ORDERS** that, upon Plaintiff's compliance with this Order, the Clerk of the Court shall return the file in this matter to the Court for further review; and the Court further

**ORDERS** that, until such time as the Court has reviewed Plaintiff's submission and issued a further Order in this action, Plaintiff shall not take any further action in connection with this matter and shall not attempt to communicate in any manner with Defendant Martin; and the Court further

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* shall be addressed, if necessary, in a subsequent Order; and the Court further

---

[2] Plaintiff also complains that the Court mailed its January 10, 2006 Order to the post office box which is Plaintiff's address of record in this action rather than to FMC Devens where he is currently incarcerated. *See* Dkt. No. 6 at 1. The Court directs the Clerk of the Court to revise the docket to reflect Plaintiff's current address. The Court also advises Plaintiff that he must advise the Court of any change in his address; his failure to do so may result in the dismissal of this action.

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff and shall also send a copy to the United States Attorney for the Northern District of New York and to the Warden at FMC Devens.

**IT IS SO ORDERED.**

Dated: February 22, 2006
   Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge